IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALGERNON TOOLE, | ) | |
| Petitioner, | ) | Civil Action No. 17-236 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| FPC McKEAN WARDEN, et al., | ) | |
| Respondents. | ) | |

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by federal prisoner Algernon Toole pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is dismissed for lack of jurisidiction.

## I.

**A.    Background**

Toole was convicted in 2010 in the United States District Court for the Western District of New York of Conspiracy to Possess with Intent to Distribute and to Distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and Conspiracy to Possess with Intent to Distribute and to Distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count Two). On September 21, 2010, that court sentence him to 240 months of imprisonment on each count, to run concurrent.[2] After the United States Court of Appeals for the Second Circuit affirmed his judgment, Toole filed in the District Court for the Western District of New York a motion to vacate his

---

[1] The undersigned issued a report and recommendation in this case on March 9, 2018. (ECF No. 11). However, each party has now voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] In 2015, the District Court for the Western District of New York granted a motion that Toole filed under 18 U.S.C. § 3582(c)(2) and it reduced his sentence from 240 months to 235 months on both counts, to run concurrently.

1

sentence pursuant to 28 U.S.C. § 2255, which that court denied. It also denied him a certificate of appealability.

The 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals first certifies the filing contains a claim based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). See also 28 U.S.C. § 2244(a).

In 2017, Toole filed in the Second Circuit Court of Appeals an application for authorization to file a second or successive § 2255 motion. On August 29, 2017, the court of appeals denied his application. In its order, it explained:

> Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion. Upon due consideration, it is hereby ORDERED that the motion is DENIED because Petitioner has not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) are satisfied.
> Petitioner does not make a showing that his claims are based on newly discovered evidence within the meaning of § 2255(h)(1), or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court within the meaning of § 2255(h)(2). Regarding the decisions cited in support of his claims, nearly all predate his first § 2255 motion and several were not decided by the Supreme Court. Although he also cites Alleyne v. United States, 133 S.Ct. 2151 (2013), which was decided after Petitioner filed his first § 2255 motion, that case "did not announce a new rule of law made retroactive on collateral review." United States v. Redd, 735 F.3d 88, 92 (2d Cir. 2013).
> To the extent Petitioner asserts actual innocence, he does not make a showing that his claim is based on new evidence or that he is factually innocent of either the crime he was convicted of or the conduct underlying the sentencing enhancements. House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)) (discussing standard for actual innocence claims as gateway to defaulted constitutional claims); id. at 555 (quoting Herrera v. Collins, 506 U.S. 390, 417 (1993)) (discussing the higher standard applicable to freestanding actual innocence claims); Bousley v. United States, 523 U.S. 614, 623-24 (1998) (holding that actual innocence means factual

2

> innocence); Poindexter v. Nash, 333 F.3d 372, 380-82 (2d Cir. 2003) (holding that challenge to career offender enhancement, based on legal insufficiency, did not state a proper actual innocence claim).

(Order, Toole v. United States, No. 17-1783 (2d Cir. Aug. 29, 2017) (available on PACER)).

Toole is incarcerated at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania. After the Second Circuit Court of Appeals denied his request for authorization to file a second or successive § 2255 motion, he filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). He raises one claim for relief, which he explains more fully in his reply (ECF No. 10). He contends that:

> [he] was charged with conspiracy to possess with intent to distribute and conspiring to distribute in both counts one and two of his indictment. Although both charges come from the same statute, they are distinct because one has an element that the other does not.
> As stated in the indictment, 5 kilos or more would place [Toole] in a guideline range of 121-151 months in Category I, which is a level 32. During the district court's jury instructions, the jury was instructed that it had to be unanimous as to which charge they found [Toole] guilty of, whether it was one charge, or the other or both…. Upon reaching a verdict, the jury never stated whether it found [Toole] guilty of one of the two charges or both. By finding that [Toole] was found guilty of both charges, the Court violated the duplicity doctrine….
> The relevant policy considerations guiding the Court's determination of whether a defendant was actually prejudiced by a duplicitous indictment include avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilt as to one crime and a finding of guilty as to another, avoiding the risk that jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing and protecting against double jeopardy in subsequent prosecutions.
> Here, [Toole] was prejudiced not only because of the uncertainty of which crime he was found guilty but also because he received 8 levels of enhancement which took him from a level 32 to a level 40, which took him from a guideline range of 121-151 months to 293-364 months. If there is uncertainty as to which of the crimes [Toole] was found guilty, how could the court possibly enhance [his sentence] with this uncertainty[?]

(ECF No. 10 at 1-2). As relief, Toole seeks an order from this Court directing that he be released. (ECF No. 4 at 10).

3

In the answer (ECF No. 9), the Respondents contend that this Court must dismiss Toole's petition for lack of jurisdiction.

**B.     Discussion**

The Respondents are correct that this Court must dismiss Toole's petition for lack of jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177-78 (3d Cir. 2017) ("a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255.") In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." McGee, 627 F.3d at 935. A habeas corpus action pursuant to § 2241 must be brought in the custodial court (the federal district court in the district the prisoner is incarcerated). Bruce, 868 F.3d at 178.

Importantly, § 2255 expressly prohibits a court from entertaining a § 2241 petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings

4

clause." See, e.g., Bruce, 686 F.3d at 174, 178-79. A claim does not fall within the "savings clause" merely because the petitioner did not receive authorization to file a second or successive § 2255 motion. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 *merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.*") (emphasis added); Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.").

     In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 the include a one-year statute of limitations and the prohibition against the filing of second or successive motions. The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United

5

States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

After the Supreme Court issued Bailey, Dorsainvil applied to the Third Circuit Court of Appeals for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion. That was because the decision in Bailey was one of *statutory construction* and, therefore, did not constitute "a new rule of *constitutional law . . . that was previously unavailable[.]*" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)). Under these circumstances, the court of appeals determined that Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, as a result, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255*." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
> 
> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this

6

opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in <u>Bailey</u> as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the <u>Bailey</u> decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in <u>Davis</u>, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

<u>Id.</u> at 250-51 (emphasis added).

Post <u>Dorsainvil</u>, a federal prisoner confined within the Third Circuit must satisfy two conditions in order to satisfy § 2255's savings clause and be permitted to utilize § 2241 to collaterally attack his federal sentence in the district of his confinement:

First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"–in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [<u>United States v. Tyler</u>, 732 F.3d 241, 246 (3d Cir. 2013] (quoting <u>Dorsainvil</u>, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." <u>Id.</u> Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." <u>Dorsainvil</u>, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.

<u>Bruce</u>, 868 F.3 at 180. The claim Toole raises in his § 2241 petition does not satisfy these conditions and, therefore, it does not fall within § 2255's savings clause.

As set forth above, § 2241 does "confer[ ] habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>McGee</u>, 627 F.3d at 935.

7

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the Third Circuit Court of Appeals analyzed what it means for a federal prisoner to challenge the execution of his sentence, and Toole's claim does not qualify. It explained:

> *In order to challenge the execution of his sentence under § 2241, Cardona would need to allege the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment.* Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the [Special Management Unit]. *Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241.*

Cardona, 681 F.3d at 537 (emphasis added). In this case, Toole's claim does not concern how the BOP is "carrying out" or "putting into effect" the sentence the District Court for the Western District of New York imposed upon him. Therefore, he is not challenging the execution of his sentence.

## II.

Based upon all of the foregoing, the petition for a writ of habeas corpus is dismissed because the Court lacks jurisdiction over Toole's claim.[3]

An appropriate Order follows.

Dated: March 28, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).